UNITED STATES BANKRUPTCY COURT                    (BF0938)
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:

                                     Case No. 1-11-44318-cec

                                     Chapter 13

       COMPTON OSCAR CROCKWELL,          Judge Carla E. Craig


                              Debtor.
------------------------------------------------------------------x

## NOTICE OF MOTION

Please take notice, that upon the annexed motion, the Debtor, through his attorney, Bruce

Feinstein, Esq., will move this Court before the Honorable Carla E. Craig, Bankruptcy Judge at

the United States Bankruptcy Court at 271 Cadman Plaza East, Brooklyn, NY 11201 Courtroom

3529, on the 14th day of June, 2011 at 12:00 P.M. or soon thereafter as counsel can be heard, for

an Order pursuant to 11 U.S.C. S 362 (c) (4) (B) to impose a stay as to all creditors and for such

other and further relief as may seem just and proper.


Responsive papers shall be filed with the Bankruptcy Court and personally served upon

the attorney for the Debtor, Bruce Feinstein, Esq., no later than five (5) days prior to the hearing

date set forth above. Any responsive papers shall be in conformity with the Federal Rules of

Civil Procedure and indicate the entity submitting the response, the nature of the response and

the basis of the response.

Dated: May 31, 2011
      Richmond Hill, NY

Respectfully,

/s/ Bruce Feinstein
Bruce Feinstein
Attorney for the Debtor

86-66 110th Street
Richmond Hill, NY 11418
(718) 570-8100 tel
(718) 570-8012 fax
(BF 0938)

UNITED STATES BANKRUPTCY COURT                                  (BF 0438)
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In Re:                                          Chapter 13

                                                Case No.: 1-11-44318

        COMPTON OSCAR CROCKWELL,


                          Debtor.

-------------------------------------------------------x

## MOTION TO IMPOSE AUTOMATIC STAY

        The Debtor hereby moves this court, pursuant to s 362 c (4) (B) for an Order imposing the automatic stay provided under s 362 as to all creditors. By his attorney, Bruce Feinstein, Esq.. admitted to practice in the Eastern District, and in support of this motion, the Debtor states as follows:

   1.    The Debtor filed the present petition under Chapter 13 on May 20, 2011.

   2.    The Debtor had previously filed a petition under Chapter 13 No.: 1-10-45616-cec, on June 14, 2010, which was dismissed on November 5, 2010 upon application of the Trustee for failure to submit pre-confirmation payments, and necessary disclosure documents.

   3.    The Debtor had retained the law firm of Penachio Malara, LLP for his filing. The firm has offices in White Plains, NY.

   4.    According to the Affirmation in Opposition to Trustee's Motion to Dismiss filed by debtor's counsel on August 12, 2010, the Debtor had "cured substantially all of outstanding items. He is current with plan payments to the Trustee, and has provided the Trustee with an affidavit of contribution and tax returns".

   5.    What appears to still have been missing was an updated appraisal from another done less than one year before, and tax transcripts, tasks which are ordinarily performed by the debtor's attorney. The debtor informs me that he was responsive to his attorney, and quickly provided to her whatever he was asked to provide. It is therefore reasonable to conclude that there is substantial excuse based upon the negligence of the debtor's attorney, as required under 362 ( c) 4 D (I) (II).

   6.    The Debtor filed a second case on January 7, 2011. The case number is 1-11-40114-cec, and the case was withdrawn voluntarily by the debtor and dismissed on February 11, 2011.

7.     The second filing called for a repayment plan of $1,395.00 per month for sixty (60 ) months, and required a contribution from the debtor's brother of $1,000.00 per month.

8.     After the filing, but before the Hearing to Extend the Automatic Stay, the debtor's brother reneged on his promise to contribute to his monthly plan payment or expenses.

9.     However, due to the change in the NY exemptions, the debtor no longer needs a contribution from a family member in order to qualify for a confirmed plan. His own income is sufficient to pay 100% to his secured creditor, and 10% to his unsecured creditors, and thereby save his residence from foreclosure. There is now no reason that this case will not conclude with a Chapter 13 plan that will be fully performed.

10.     The Debtor has provided my firm with the initial, preliminary disclosure documents for the present case which have been sent to the Trustee.

11.     Upon information and belief, the Debtor's prior case was not dismissed when there had been a motion for relief that was pending before the court or resolved with an order terminating or limiting the stay.

WHEREFORE, the Debtor requests that this Court impose the automatic stay under s 362 (c) (4) (B) as to all creditors for the duration of this Chapter 13 proceeding, or until such time as the stay is terminated under s 362 c (1) or a motion or relief is granted under s 362 (d).

Dated: Richmond Hill, NY
        May 31, 2011

                                        /s/ Bruce Feinstein
                                        Bruce Feinstein (BF 0438)
                                        Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

(BF 0438)

-------------------------------------------------------x

In Re:                                          Chapter 13

                                                Case No.: 1-11-44318-cec

    COMPTON OSCAR CROCKWELL,


                                   Debtor.

-------------------------------------------------------x

## AFFIDAVIT

The Debtor hereby states, under penalty of perjury, as follows:

1.     I filed the present bankruptcy petition under Chapter 13 on May 20, 2011.

2.     I had previously filed a petition under Chapter 13 No.: 1-10-45616-cec, on June 14, 2010, which was dismissed on November 5, 2010.

3.     I had retained the law firm of Penachio Malara, LLP. The firm has offices in White Plains, NY.

4.     I had faithfully provided my first attorneys with everything they requested of me, and I did so in a timely fashion.

5.     The attorneys never asked me for an appraisal of my co-op, nor did they ask me for transcripts of my tax returns. I am told my first case was dismissed for failure to provide these items to the Trustee.

6.     I filed a second case on January 7, 2011. The case number is 1-11-40114-cec and I requested that the case be withdrawn and it was dismissed on February 11, 2011.

7.     The second filing had called for me to make payment to the Trustee of $1,395.00 per month for sixty (60) months, and it required a contribution from my brother of $1,000.00 per month, in order to be successful.

8.     After the filing of this second case, my brother told me that he had changed his mind, and that the could not afford to contribute to my monthly plan payment or other expenses.

9.     However, my present attorney, Bruce Feinstein, Esq., tells me that due to changes in the NYS exemptions, I now do not need any contribution from my brother in order to qualify for a confirmed plan. My own income is sufficient to pay 100% to my secured creditor, and 10% to my unsecured creditors, and I could now save my residence from foreclosure, if my plan is confirmed.

10.     I have provided my attorney with whatever disclosure documents he has requested of me for the present case

11.     I believe that in this present Chapter 13 case, I can afford to successfully make payments to the Trustee for the life of the plan, if I am confirmed.

WHEREFORE, the I respectfully request that this Court impose the automatic stay under s 362 (c) (4) (B) as to all creditors for the duration of this Chapter 13 proceeding, or until such time as the stay is terminated under s 362 c (1) or a motion or relief is granted under s 362 (d).

Dated: Richmond Hill, NY
        May 31, 2011

/s/ Compton Oscar Crockwell
Compton Oscar Crockwell
Debtor